# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Bryan S. ROWLAND

## Fireman Apprentice, U.S. Coast Guard

## CGCMS 24174

## Docket No. 1118

## 6 January 2000

Special Court-Martial convened by Commanding Officer, USCGC MOHAWK (WMEC 913). Tried at NAS Jacksonville, Jacksonville, Florida, on 30 March 1999.

Military Judge: CAPT Thomas J. Mackell, USCG

Trial Counsel: LCDR Scott A. Memmott, USCG

Assistant Trial Counsel: LTJG Patrick Flynn, USCGR

Detailed Defense Counsel: LT Cyndi R. Peppetti, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LTJG Mark A. Cunningham, USCGR

### BEFORE
### PANEL FIVE

### BAUM, WESTON, McCLELLAND

Appellate Military Judges

PER CURIAM:

Appellant was tried by a special court-martial before a military judge sitting alone. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of making a false official statement, three specifications of wrongful use of marijuana and two specifications of wrongful use of cocaine, in violation of Articles 107 and 112a of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced appellant to a bad conduct discharge (BCD), confinement for four months, and forfeiture of five hundred dollars pay per month for four months. The convening authority approved the sentence as adjudged, which was within the terms of the pretrial agreement.

Before this Court, Appellant has assigned one error pursuant to *U.S. v. Grostefon*, 12 M.J. 431 (1982), that Appellant was unfairly subjected to a court-martial and its punishment as a result of association with shipmates accused of more serious drug offenses, rather than on an impartial evaluation of the seriousness of Appellant s offenses. There is nothing in the record to support Appellant s complaint that he and his offenses failed to receive an impartial evaluation before referral to trial. Moreover, an impartial objective assessment of Appellant s drug offenses justifies their referral to a special court-martial.

Three separate specifications for the use of marijuana on divers occasions and two specifications of the use of cocaine are clearly the kind of offenses that warrant court-martial at a level where a punitive discharge and more than minimum confinement may be imposed. Accordingly, we find no merit to Appellant s assertions and his assignment of error is rejected for that reason. Pursuant to Rule 25 of the Court Rules, we deem this determination to be good cause for suspending the requirement for a Government answer under Rule 15 of the Court Rules.

Despite our rejection of the assignment of error, we note, approvingly, that counsel has taken a *Grostefon* contention and amplified it into a professionally fashioned assignment of error, rather than merely forwarding a short personal assertion from the Appellant.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

---

For the Court,

//s//

Mary Jane Eskandari
Clerk of the Court